IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERICA ESTELLE NEAL,              )
                                 )
        Plaintiff,                )
                                 )
   -vs-                          )   Civil Action No.  16-94
                                 )
NANCY A. BERRYHILL,[1]           )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
        Defendant.                )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.     BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for child's insurance benefits and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since November 1, 2004. (ECF No. 8-7, pp. 7, 22). Administrative Law Judge ("ALJ"), Geoffrey S. Casher, held a hearing on June 10, 2014. (ECF No. 8-2, pp. 33-65). On December 2, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 17-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Listing 12.05C</u>

Plaintiff first argues that she meets the requirements of Listing 12.05C. (ECF No. 11, pp. 9-12). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05 (intellectual disability). *See*, 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Intellectual Disability provides:

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;

OR

B. A valid verbal, performance, or full scale IQ of 59 or less;

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;

OR

D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintain social functions; or
    3. Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05. As the disjunctive language of the Listing indicates, the required level of severity for this disorder is met when the requirements of **both** the introductory paragraph **and** paragraphs A, B, C *or* D of the Listing are satisfied.

In this case, Part C of Listing 12.05 is at issue. (ECF No. 11, pp. 9-12). To satisfy Part C, Plaintiff must have: 1) a valid verbal, performance, or full scale IQ of 60 through 70, and 2) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05; *Williams v. Sullivan*, 970 F.2d 1178, 1184 (3d Cir. 1992). Here, the ALJ found that Plaintiff's "full scale IQ was 69-72...." (ECF No. 8-2, p. 22). Thus, while not totally clear, I read the ALJ's decision to mean that Plaintiff's full IQ score of 69 met the first requirement of 12.05C.[2] (ECF No. 8-10, p. 15).

---

[2] "In cases where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series," the ALJ must "use the lowest of these in conjunction with 12.05." 20 C.F.R. Part 404, Subpart P, App'x 1 § 12.00D(6)(c); *see also Markle v. Barnhart*, 324 F.3d 182, 186 (3d Cir. 2003); *Krasgrow v. Colvin*, No. CV 15-1676, 2016 WL 7157210, at

However, the ALJ found that Plaintiff did not satisfy Part C because "treatment records do not indicate a listing level additional physical or mental impairment imposing a significant work-related limitation of function." *Id.* Plaintiff suggests that this finding is contradicted by "the administrative findings and applicable law." (ECF No. 11, p. 11). Specifically, Plaintiff argues that because the ALJ found that Plaintiff has the severe impairments of "borderline intellectual functioning, attention-deficit hyperactivity disorder, learning disability, mood disorder and asthma, the ALJ erred in finding that Plaintiff did not have an additional "physical or mental impairment imposing a significant work-related limitation of function." (ECF No. 11, p. 11). Additionally, the ALJ found that Plaintiff had the residual functional capacity to perform work, but with various limitations;³ thus, evidencing additional and significant work-related limitations. (ECF No. 8-2, p. 22). I agree.

As the ALJ states, by definition, a "severe impairment" is one that "significantly limits an individual's ability to perform basic work activities." ECF No. 8-2, p. 19, *citing* 20 C.F.R. §416.921. Our Court of Appeals has indicated that a severe impairment, as defined in 416.920(c), limiting a Plaintiff to some forms of light work, constitutes an impairment that imposes "additional and significant work-related limitations." *Markle v. Barnhart,* 324 F.3d 182, 187–88 (3d Cir.2003); *Loepp v. Colvin*, No. 15-51, 2015 WL 5638020, at *2 (W.D. Pa. Sept. 24, 2015). Since the ALJ found that Plaintiff had severe impairments and that the severe impairments restrict her ability to work, the ALJ should have discussed the same in his analysis.

---

*4 (W.D. Pa. Dec. 8, 2016); *Loepp v. Colvin*, No. 15-51, 2015 WL 5638020, at *2 (W.D. Pa. Sep. 24, 2015).

³ Specifically, the ALJ found Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: no exposure to pulmonary irritants such as fumes, odors, dust and gases. She can have no exposure to hazardous conditions like unprotected heights and dangerous machinery. Additionally, the claimant is limited to simple, routine tasks involving not more than simple, routine tasks involving no more than simple, short instructions, and simple work-related decisions with few workplace changes. She can do no work at a production-rate pace, fast pace, or with quotas. The claimant is limited to only occasional interaction with coworkers, the public and supervisors. Lastly, there can be no requirement to read instructions or write reports and no math calculations." (ECF No. 8-2, p. 22).

The ALJ, however, summarily concludes, that the "treatment records do not indicate a listing level [of] additional physical or mental impairment imposing a significant work-related limitation of function." (ECF No. 8-2, p. 22).

Furthermore, I note that the ALJ did not discuss, in any appreciable manner, whether Plaintiff satisfied the introductory preamble requirements of Listing 12.05 ("significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested" before the age of 22). *See,* ECF No. 8-2, pp. 17-28. As a result, I am unable to conduct a meaningful review. Thus, I find that the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted.[4]

An appropriate order shall follow.

---

[4] Plaintiff also argues that she is unable to meet the basic mental demands of full time competitive work. (ECF No. 11, pp. 15). In support thereof, however, Plaintiff's entire argument is that there is substantial evidence to support this point. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is misplaced. Since I am remanding the case, however, the assessment of whether Plaintiff mental residual functional capacity will be reviewed again *de novo,* if the ALJ on remand gets to that step of the analysis.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERICA ESTELLE NEAL, )
        Plaintiff, )
)
-vs- ) Civil Action No. 16-94
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 20th day of March, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                          BY THE COURT:

                          s/ Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.